**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| BEEMAC, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | CIVIL ACTION NO. 24-00391-JB-B |
| vs. | * | |
| | * | |
| GLASS AMERICA LLC, *et al.*, | * | |
| | * | |
| Defendants. | * | |

<u>AMENDED REPORT AND RECOMMENDATION</u>

This action is before the Court on Plaintiff Beemac, Inc.'s motion to dismiss Third-Party Defendant Blake W. Johnson's purported crossclaims and brief in support (Docs. 109, 110). The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for entry of an amended report and recommendation. Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that the motion to dismiss (Doc. 109) be **GRANTED**.

I.   <u>BACKGROUND</u>

Plaintiff Beemac, Inc. ("Beemac") is a trucking and logistics company headquartered in Ambridge, Pennsylvania. In this action, Beemac brings negligence and vicarious liability claims against Defendants Glass America LLC and Glass America Midwest LLC for damages sustained to Beemac's brand new tractor-trailer in a motor

vehicle accident that occurred on February 2, 2022, in Mobile County, Alabama.

On June 19, 2023, Beemac commenced this action by filing a complaint against Defendant Glass America Illinois LLC in the Court of Common Pleas of Beaver County, Pennsylvania. (Doc. 1-1). On July 25, 2023, Glass America Illinois LLC removed this action to the United States District Court for the Western District of Pennsylvania on the basis of diversity jurisdiction. (Doc. 1). On November 29, 2023, Beemac filed an amended complaint against Defendants Glass America LLC and Glass America Midwest LLC (collectively, the "Glass America Defendants"), which remains its operative pleading in this action. (Doc. 18). In the amended complaint, Beemac alleges it sustained substantial damage to its "brand new tractor-trailer unit" on February 2, 2022, as a result of an accident "caused by the recklessness and/or negligence of Defendant Glass America Midwest LLC's employee," who was operating a company vehicle "owned, leased, operated, managed, maintained, and/or controlled" by the Glass America Defendants "in the course and scope of his employment." (Id. at 3-5).

On January 12, 2024, the Glass America Defendants filed answers to Beemac's amended complaint and third-party complaints against Third-Party Defendant Blake W. Johnson ("Johnson"), the driver of the Glass America vehicle that collided with Beemac's

tractor-trailer.[1]  (Docs. 23, 24).  The Glass America Defendants asserted third-party claims against Johnson for willful misconduct and wanton misconduct based on his alleged operation of Glass America's company van while under the influence of illegal drugs at the time of the accident, and they sought to recover damages from Johnson in the amount of any judgment entered in Beemac's favor against them, as well as costs and attorneys' fees.  (Doc. 23 at 15-18; Doc. 24 at 15-18).

On April 15, 2024, Johnson filed correspondence with the court stating that the accident occurred when Beemac's tractor-trailer pulled into his path and asserting that he sustained injuries in the accident that left him in critical condition for many weeks. (Doc. 42).  In May 2024, counsel appeared on Johnson's behalf and filed a motion to dismiss the Glass America Defendants' claims against Johnson for attorneys' fees.  (Docs. 43, 47, 48).  In July 2024, additional counsel appeared on Johnson's behalf and indicated that Johnson intended to file counterclaims, although no counterclaims were filed at that time.  (Doc. 61).

On July 22, 2024, the Glass America Defendants filed a motion to transfer venue requesting that this action be transferred to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).

---

[1] Although Beemac's amended complaint against the Glass America Defendants does not refer to Johnson by name, there is no dispute that Johnson is the Glass America driver referenced in Beemac's amended complaint.

(Docs. 58, 59). In August 2024, Beemac and Johnson filed responses in opposition to the motion to transfer venue. (Docs. 64, 65). On October 1, 2024, the court in the Western District of Pennsylvania granted the motion to transfer venue and ordered that this action be transferred to the United States District Court for the Southern District of Alabama. (Docs. 73, 74). The action was transferred to the United States District Court for the Southern District of Alabama on October 22, 2024. (Doc. 75).

On December 20, 2024, the Glass America Defendants filed a motion for leave to file an amended third-party complaint against Johnson. (Doc. 95). This Court granted the motion, ordered the Glass America Defendants to file their amended third-party complaint by December 30, 2024, and ordered Johnson to file an answer or other response to the amended third-party complaint by January 23, 2025. (Doc. 97). On December 27, 2024, the Glass America Defendants filed their amended third-party complaint against Johnson. (Doc. 98).[2]

On January 23, 2025, Johnson filed a pleading titled "Answer and Affirmative Defenses to Amended Third-Party Complaint and Counterclaims." (Doc. 100). In this pleading, Johnson purported to assert "counterclaims" against Beemac for "negligence,

---

[2] The filing of the amended third-party complaint rendered Johnson's motion to dismiss the attorneys' fee claims in the original third-party complaints moot. (See Doc. 99).

carelessness, recklessness, and negligence per se" (Count I) and "vicarious liability" (Count II). (Id. at 7-19). Johnson alleged that he was operating the Glass America vehicle "lawfully, carefully, and prudently" at the time of the accident, and that the accident was caused when the driver of Beemac's tractor-trailer "negligently, carelessly, and recklessly" pulled out directly into the path of his vehicle. (Id. at 10-11). Johnson alleged that he suffered "catastrophic, severe, serious, and potentially permanent personal injuries" and sustained "severe, serious, and potentially permanent damages, losses, and harm" as a result of the accident. (Id. at 12-14). Johnson demanded judgment against Beemac "in an amount in excess of $75,000, together with interest, punitive damages, attorneys' fees, costs, and such other relief as this Court deems appropriate." (Id. at 18-19).

On February 13, 2025, Beemac filed a motion to dismiss Johnson's purported counterclaims and a brief in support of its motion. (Docs. 101, 102). Beemac argued that Johnson could not assert counterclaims against Beemac because it was not an opposing party to Johnson, and that Johnson's claims against Beemac were time-barred. (Id.). On March 6, 2025, Johnson filed a response in opposition to Beemac's motion to dismiss and also filed an amended pleading titled "Amended Answer and Affirmative Defenses to Amended Third-Party Complaint and Crossclaims." (Docs. 106, 107). Johnson's amended pleading was substantially identical to

his earlier pleading, except that it designated his claims against Beemac as "crossclaims" rather than "counterclaims." (Compare Doc. 100, with Doc. 106).

On March 13, 2025, Beemac filed the instant motion to dismiss Johnson's purported crossclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, along with a brief in support of its motion. (Docs. 109, 110). Beemac argues that Johnson's purported crossclaims are subject to dismissal because Johnson, as a third-party defendant, cannot assert crossclaims of any kind against Beemac, and that Johnson's claims against Beemac are time-barred. (See id.). On March 28, 2025, Johnson filed a response in opposition to Beemac's motion to dismiss. (Doc. 112). On April 4, 2025, Beemac filed a reply in support of its motion to dismiss. (Doc. 113).

In a report and recommendation dated June 23, 2025, the undersigned explained that Beemac's analysis regarding the statute of limitations that applied to Johnson's claims was "at best incomplete and at worst incorrect." (Doc. 118 at 16-22). Thus, the undersigned found that Beemac had not met its burden of establishing that Johnson's claims were time-barred and recommended that the motion to dismiss be denied without prejudice to Beemac's ability to reassert its statute of limitations defense at the summary judgment stage. (Id. at 22). Beemac filed objections to the report and recommendation. (Doc. 119). Johnson

filed a brief in opposition to Beemac's objections.  (Doc. 122).
Beemac filed a reply to Johnson's brief.  (Doc. 125).

On July 22, 2025, Chief District Judge Jeffrey U. Beaverstock
ordered additional briefing by the parties "to address whether
Alabama or Pennsylvania law applies specifically taking into
account Pennsylvania's choice of law rules."  (Doc. 124 at 1).
Chief Judge Beaverstock directed the parties "to address any
applicable tolling periods and provide an analysis as to any
applicable relation back rules and the corresponding effect on the
applicable statute of limitations."  (Id. at 1-2).  Pursuant to
Chief Judge Beaverstock's order, Beemac filed a supplemental brief
(Doc. 129); Johnson filed a response brief (Doc. 130); and Beemac
filed a reply brief (Doc. 131).  Chief Judge Beaverstock then
referred this matter back to the undersigned Magistrate Judge for
consideration of the parties' supplemental briefs and entry of an
amended report and recommendation.

## II.  LEGAL STANDARDS

"A pleading that states a claim for relief must contain . .
. a short and plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to
Federal Rule of Civil Procedure 12(b)(6), a party may move to
dismiss a crossclaim for "failure to state a claim upon which
relief can be granted."  Fed. R. Civ. P. 12(b)(6); see Razipour v.
Joule Yacht Transp., Inc., 2020 U.S. Dist. LEXIS 151023, at *4-5,

2020 WL 4904456, at *2 (M.D. Fla. Aug. 20, 2020) (applying the typical Rule 12(b)(6) standard on a motion to dismiss a crossclaim).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

8

A statute of limitations bar is an affirmative defense, and a plaintiff is "under no obligation to anticipate and negate this affirmative defense in the complaint." Sec'y of Lab. v. Labbe, 319 F. App'x 761, 764 (11th Cir. 2008) (per curiam). Therefore, a Rule 12(b)(6) dismissal on statute of limitations grounds "is 'appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred' and '*only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'" Id. (emphasis in original) (quoting Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 & n.13 (11th Cir. 2005)).

## III. **DISCUSSION**

### A. **Johnson's Claims Against Beemac Are Neither Counterclaims Nor Crossclaims.**

Beemac first argues that "Johnson's purported 'compulsory' crossclaims against Beemac fail at the outset because Johnson, as a third-party defendant, cannot assert crossclaims of any kind against Beemac." (Doc. 110 at 5). Beemac notes that Federal Rule of Civil Procedure 13(g) "permits a party to state a crossclaim 'against a *coparty* if the claim arises out of the transaction or occurrence that is the subject matter of the original action," and that "Rule 14 states that a third-party defendant may assert 'any crossclaim *against another third-party defendant* under Rule 13(g)." (Id. (emphasis in original) (quoting Fed. R. Civ. P. 13(g)

9

& 14(a)(2)(B))). Beemac points out that it "is the plaintiff in this action, not 'another third-party defendant' or a 'coparty' in relation to Johnson." (Doc. 109 at 1-2). Beemac contends that "[n]othing in Rules 13 or 14 allows a third-party defendant to assert a crossclaim against the original plaintiff where, as here, the original defendant/third-party plaintiff never asserted a claim against the original plaintiff." (Doc. 110 at 6). Beemac posits that "Johnson's purported crossclaims against Beemac are subject to dismissal on this basis alone." (Doc. 109 at 2; Doc. 110 at 6).

In response, Johnson cites Federal Rule of Civil Procedure 14(a)(2)(D), which provides that a third-party defendant "may also assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." (Doc. 112 at 5 (quoting Fed. R. Civ. P. 14(a)(2)(D))). Johnson suggests that Rule 14(a)(2)(D) "would seemingly give rise to the ability of a third-party defendant to file a counterclaim" against the original plaintiff. (Doc. 112 at 5-6). Johnson also contends that any error in the identification of his claims can be easily remedied by allowing him to amend his pleadings to retitle his claims. (Id. at 5).

Under Rule 14(a)(2)(D), a third-party defendant (like Johnson) "may" assert against the original plaintiff (like Beemac)

"any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(2)(D). "'There is some inconsistency in the cases as to the proper way of denominating claims by the third-party defendant against the original plaintiff.'" Thar Process, Inc. v. Sound Wellness, LLC, 2023 U.S. Dist. LEXIS 400, at *1 n.1, 2023 WL 24049, at *1 n.1 (W.D.N.Y. Jan. 3, 2023) (quoting Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1458 (3d ed.)). "Some courts refer to them as cross-claims and other courts call them counterclaims. Technically, neither term is appropriate." Werner v. KPMG LLP, 415 F. Supp. 2d 688, 693 n.7 (S.D. Tex. 2006) (quoting Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1458 (3d ed.)).

"Claims under Rule 14(a)(2)(D) are not counterclaims within the meaning of Rule 13 because the original plaintiff and the third-party defendant are not opposing parties at the time the third-party's claim is interposed."[3] Wright & Miller, 6 Fed. Prac.

---

[3] Johnson also incorrectly suggests that his claims against Beemac "are, in essence, compulsory." (See Doc. 112 at 8). Johnson's claims against Beemac are *permissive* claims asserted by a third-party defendant against the original plaintiff under Federal Rule 14(a)(2)(D). See Lindquist v. Quinones, 79 F.R.D. 158, 161 (D.V.I. 1978) (explaining that "unless plaintiff first elects to assert a claim directly against third party defendant . . . , the third party defendant is free to withhold his claim against plaintiff and to make it the basis for a separate action"); Eagle Rock Timber, Inc. v. Afton, Wyo., 2009 WL 10626531, at *4-5 (D. Wyo. July 1, 2009) (noting that Federal Rule of Civil Procedure 14(a)(2)(C)-

11

& Proc. Civ. § 1458 (3d ed.); see Finkel v. United States, 385 F. Supp. 333, 336 (S.D.N.Y. 1974) ("Technically, a third-party defendant does not counterclaim against the original plaintiff, since they are not 'opposing' parties within the meaning of Rule 13 of the Federal Rules of Civil Procedure."); Lindquist v. Quinones, 79 F.R.D. 158, 161 (D.V.I. 1978) ("In the context of third party practice, the original plaintiff does not become an opposing party of the third party defendant unless plaintiff first elects to assert a claim directly against third party defendant. Absent such, the third party defendant is free to withhold his claim against plaintiff and make it the basis for a separate action."); Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 849 (M.D. Pa. 1985) ("[Third-party defendant's] claim against plaintiffs is not, however, a counterclaim. Plaintiffs have

---

(D) "is permissive"); Time Ins. Co. v. White, 2008 U.S. Dist. LEXIS 100382, at *9, 2008 WL 5233384, at *3 (S.D. Miss. Dec. 10, 2008) ("[I]t is clear from a plain reading of Rule 14(a)(2)(D) that a third-party defendant *may,* not *must,* assert any claim against the original plaintiff arising out of the transaction or occurrence that is the subject matter of the original plaintiff's claim against the third-party plaintiff. Because Rule 14(a) does not require a third-party defendant to assert a claim against an original plaintiff, 'it necessarily implies that he is free to assert that claim in a later action.'") (emphasis in original) (citation omitted), vacated and remanded on other grounds, 354 F. App'x 80 (5th Cir. 2009); 3 Moore's Fed. Practice - Civil § 14.06 ("Because the rule provides that the third-party defendant 'may' assert this claim, it is permissive. The third-party defendant need not assert the claim in the pending case and failure to do so will not prejudice that party's right to pursue the claim in a separate proceeding.").

asserted no claim against [third-party defendant].  Therefore, [third-party defendant] technically cannot assert a counterclaim against plaintiffs.  [Third-party defendant] seeks to assert a new claim against plaintiffs.") (internal citations omitted); Wiatt v. State Farm Ins. Cos., 560 F. Supp. 2d 1068, 1074 (D.N.M. 2007) ("An original plaintiff is not deemed to be an opposing party to a third-party defendant unless the plaintiff elects to assert claims directly against the third-party defendant."); Dixie Fuel Co., LLC v. Straight Creek, LLC, 2011 U.S. Dist. LEXIS 23321, at *10 n.4, 2011 WL 845828, at *3 n.4 (E.D. Ky. Mar. 8, 2011) ("A counterclaim is a claim that a pleader has against an 'opposing party.'  Fed.R.Civ.P. 13.  Harlan Development is a third party defendant that was brought into the case by Straight Creek.  Had it raised a claim against Straight Creek, that claim would have been a counterclaim, but its claim against [original plaintiff] Dixie Fuel was not.  Rule 14(a)(2)(D) allows a third-party defendant to bring claims against the plaintiff that arise out of the same transaction or occurrence as the claim by the plaintiff against the third-party plaintiff.  However, the Rule does not refer to those claims as 'counterclaims,' and since Dixie Fuel had not filed a claim against Harlan when Harlan filed its claim against Dixie, Dixie would not be considered an 'opposing party.'"); Ford Plantation, LLC v. Black, 205 F.R.D. 698, 701 (S.D. Ga. 2000) ("If FMC is joined as a third-party defendant under Rule

13

13(h), it may not assert a counterclaim against TFP (as the original plaintiff) before TFP files a claim against it. After all, there must first be a claim in order for there to be a counterclaim."); 3 Moore's Fed. Practice - Civil § 14.06 (2025) (Claims between third-party defendant and plaintiff under Rule 14(a)(2)(D) or Rule 14(a)(3) "should not be referred to as counterclaims because counterclaims must be between 'opposing parties.' Until one asserts a claim against the other, however, the plaintiff and third-party defendant simply are not opposing parties.").[4] Accordingly, Johnson's claims against Beemac do not constitute "counterclaims."

Nor are Johnson's claims against Beemac properly labeled as "crossclaims." Claims asserted by a third-party defendant against the original plaintiff under Rule 14(a)(2)(D) are not crossclaims "inasmuch as Rule 13(g) requires crossclaims to be asserted against a coparty, and plaintiff and third-party defendant do not fit that description." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1458 (3d ed.); see Pitcavage, 632 F. Supp. at 849 ("Cross-claims are filed against co-parties and not against adverse parties. Clearly, in this case, plaintiffs are not co-parties with [third-party

---

[4] See also 3 Moore's Fed. Practice - Civil § 14.02 ("Some courts have engendered further confusion by referring to these claims as 'in the nature of counterclaims.' But these claims are not in the 'nature of' anything; they are created by a specific rule and for convenience as well as accuracy, ought to be referred to simply as 'Rule 14(a) claims.'").

defendant].") (internal citation omitted); <u>Pardy & Rodriguez, P.A.</u> <u>v. Allstate Ins. Co.</u>, 2021 U.S. Dist. LEXIS 177980, at *5 n.1, 2021 WL 4263357, at *2 n.1 (M.D. Fla. Sept. 20, 2021) ("Even if [third-party defendant] had stated an actual cause or causes of action against . . . the original plaintiff, they would not be true 'crossclaims' under Rule 13(g) but, rather, would fall under the provisions of Rule 14(a)(2)(D)."); 3 Moore's Fed. Practice - Civil § 14.02 ("Direct claims between plaintiff and third-party defendant under Rule 14(a) . . . are not crossclaims, because crossclaims are between coparties."); <u>see also</u> <u>Asher v. Unarco</u> <u>Material Handling, Inc.</u>, 2008 U.S. Dist. LEXIS 2144, at *10, 2008 WL 130858, at *2 (E.D. Ky. Jan. 10, 2008) ("The term 'co-parties' has most frequently been defined as 'parties having like status, such as, co-defendants.'") (citation omitted).

Thus, Beemac is correct that Johnson's claims asserted against it are neither counterclaims nor crossclaims, despite Johnson's alternating attempts to label them as such. However, the Court disagrees with Beemac's suggestion that Johnson's improper designation of his claims against Beemac is sufficient grounds for dismissal of those claims.[5]  "Pleadings must be

_____

[5] Although the Court does not find it appropriate to dismiss Johnson's claims against Beemac because he mislabeled them, Beemac's earlier motion to dismiss Johnson's purported counterclaims should have alerted Johnson to the fact that his claims against Beemac are neither counterclaims nor crossclaims,

construed so as to do justice." Fed. R. Civ. P. 8(e). In the context of counterclaims incorrectly designated as crossclaims (and vice versa), "courts generally have ignored the nomenclature used by the pleader and have treated the claim as if it had been properly labeled, applying the standards related to the relevant type of claim." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1407 (3d ed.); see, e.g., Bland v. Criswell, 2023 U.S. Dist. LEXIS 155818, at *2-3, 2023 WL 5672191, at *1 (M.D. Pa. Sept. 1, 2023) ("Though Bland is correct that Criswell's crossclaim is procedurally improper—a crossclaim cannot be filed against an adverse party—that is not sufficient grounds to grant judgment on the pleadings.").

The same logic applies to claims asserted by third-party defendants against the original plaintiff, as provided for in Rule 14(a)(2)(D), that are mistakenly labeled as counterclaims or crossclaims. See Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1407 (3d ed.) ("In a similar vein, claims asserted by third-party defendants against the original plaintiff, as provided for in Rule 14(a)(2)(D), often are mistakenly labeled as counterclaims or crossclaims, although technically they are neither. Therefore, the mere designation as a counterclaim will not result in Rule 13

---

and that Rule 14(a)(2)(D) "provides the only avenue for him to assert a claim against Beemac" in this action. (See Doc. 102 at 2; Doc. 110 at 7 n.4).

being applied to these claims; Rule 14(a) will govern instead.");
Pitcavage, 632 F. Supp. at 849-50 (recognizing that third-party
defendant's purported counterclaim against the original plaintiffs
for damages allegedly caused to his boat was "not . . . a
counterclaim" but rather "a new claim against plaintiffs"
authorized by Rule 14(a), but denying motion to strike the claim);
Werner, 415 F. Supp. 2d at 693 n.7 ("The denomination of a claim
by a third-party defendant against plaintiff is of no practical
import when it clearly is within the scope of the sixth sentence
of Rule 14(a).") (quoting Wright & Miller, 6 Fed. Prac. & Proc.
Civ. § 1458 (2d ed. 1990)).  Accordingly, the Court construes
Johnson's claims against Beemac as falling under the provisions of
Rule 14(a)(2)(D) and declines to recommend dismissal of those
claims merely because they were mislabeled.

**B.  Johnson's Claims Against Beemac Are Time-Barred.**

Beemac further argues that even if the Court "were to indulge
Johnson's new claims and construe them as having been raised under
Rule 14(a)(2)(D)," Johnson's claims "still fail because they are
time-barred" under Pennsylvania's two-year statute of limitations
for negligence and vicarious liability claims.  (Doc. 110 at 7-8;
Doc. 129 at 11).  In response, Johnson argues "that the precedent
applying to the pleading of counterclaims is applicable" to his
claims against Beemac, "and thus precedent establishing that
statutes of limitations do not limit Johnson's claims against

17

Beemac are applicable." (Doc. 112 at 6). As best the Court can discern, Johnson posits that his Rule 14(a)(2)(D) claims against Beemac should be treated as compulsory counterclaims that, under Alabama law,[6] relate back to the date of Beemac's original pleading and are not subject to a statute of limitations defense. (See id. at 6-9). Johnson's arguments are meritless.

First, the Court reiterates that Johnson's claims against Beemac are not compulsory counterclaims under Federal Rule 13(a).[7] Rather, they are permissive claims asserted by a third-party defendant against the original plaintiff under Federal Rule of Civil Procedure 14(a)(2)(D). See Lindquist, 79 F.R.D. at 161; Eagle Rock Timber, Inc. v. Afton, Wyo., 2009 U.S. Dist. LEXIS 133835, at *14, 2009 WL 10626531, at *4-5 (D. Wyo. July 1, 2009) (noting that Federal Rule 14(a)(2)(D) "is permissive"); 3 Moore's Fed. Practice - Civil § 14.06 ("Because the rule provides that the third-party defendant 'may' assert this claim, it is permissive.

---

[6] As explained in this amended report and recommendation, Johnson's reliance on Alabama law to render his claims timely is misplaced. (See Doc. 130).

[7] Likewise, to the extent Johnson suggests that his claims against Beemac are "compulsory crossclaims," he is mistaken. See Regions Bank v. Old Republic Union Ins. Co., 2016 U.S. Dist. LEXIS 108041, at *9, 2016 WL 4366871, at *3 (N.D. Ala. Aug. 16, 2016) (noting that "there is no such thing as a compulsory cross-claim—not under Alabama law, and not under federal law"); Discover Prop. & Cas. Ins. Co. v. Aim Leasing Co., 2016 U.S. Dist. LEXIS 103083, at *16, 2016 WL 4158992, at *5 (W.D. Pa. Aug. 5, 2016) ("In Pennsylvania, . . . cross-claims are permissive.") (citing Pa.R.C.P. 1031.1).

The third-party defendant need not assert the claim in the pending case and failure to do so will not prejudice that party's right to pursue the claim in a separate proceeding."). Indeed, "it is clear from a plain reading of Rule 14(a)(2)(D) that a third-party defendant *may*, not *must*, assert any claim against the original plaintiff arising out of the transaction or occurrence that is the subject matter of the original plaintiff's claim against the third-party plaintiff." Time Ins. Co. v. White, 2008 U.S. Dist. LEXIS 100382, at *8, 2008 WL 5233384, at *3 (S.D. Miss. Dec. 10, 2008) (emphasis in original), vacated and remanded on other grounds, 354 F. App'x 80 (5th Cir. 2009). Thus, Johnson's contention that his claims against Beemac "are, in essence, compulsory" is meritless.

"Rule 14 was intended to liberalize and simplify federal procedure, and its purpose is to reduce litigation by having one lawsuit do the work of two." Carroll v. United States, 149 F.R.D. 524, 527 (W.D. La. 1993) (citing Falls Indus., Inc. v. Consol. Chem. Indus., Inc., 258 F.2d 277 (5th Cir. 1958)). However, though "the rule contemplates avoidance of multiplicity and circuitry of actions, it does not envision the revival of an action barred by statute of limitations." Id. (citing Horan v. Pope & Talbot, Inc., 119 F. Supp. 711, 712 (E.D. Pa. 1953)); see Walls v. County of Camden, 2008 U.S. Dist. LEXIS 92940, at *8, 2008 WL 4934052, at *3 (D.N.J. Nov. 13, 2008) ("Rule 14(a) cannot be used to resuscitate a claim that is barred by the statute of limitations."); Coons v.

A. F. Chapman Corp., 2008 U.S. Dist. LEXIS 133310, at *27, 2008 WL
11510792, at *12 (D. Mass. Sept. 24, 2008) ("'Courts interpreting
Rule 14(a)' do not permit 'the rule to be used to add a claim which
is barred by the applicable statute of limitations.'") (quoting
Fed. Ins. Co. v. Lighthouse Const., Inc., 230 F.R.D. 387, 390 (D.
Del. 2005)); Frankel v. Back, 37 F.R.D. 545, 547 (E.D. Pa. 1965)
("[T]he filing of a third party complaint by the original defendant
does not toll the running of the Statute of Limitations on a cause
of action between the plaintiff and the third party defendant.");
cf. Fed. Ins. Co. v. Lighthouse Const., Inc., 230 F.R.D. 387 (D.
Del. 2005) (holding that the plaintiff could not assert a claim
against the third-party defendant after the expiration of the two-
year statute of limitations); Bishop v. Atmos Energy Corp., 161
F.R.D. 339 (W.D. Ky. 1995) (holding that plaintiffs could not
assert a claim against the third-party defendant after the
expiration of the one-year statute of limitations); Clem v. Delta
Pharma, Inc., 2016 U.S. Dist. LEXIS 205309, at *6, 2016 WL
11784053, at *2 (W.D. Tenn. Nov. 9, 2016) ("Any claim between the
plaintiff and the third-party defendant is 'subject to the
applicable statute of limitations; the statute is neither tolled
nor waived upon the third-party defendant's entry into the action
but continues to run until plaintiff actually asserts the claim
against the third-party defendant.'") (quoting Wright & Miller, 6
Fed. Prac. & Proc. Civ. § 1459 (3d ed. 2016)); Boyce v. Macy's

20

<u>Retail Holdings, LLC</u>, 2024 U.S. Dist. LEXIS 75042, at *10, 2024 WL
1694077, at *4 (N.D. Ga. Feb. 14, 2024) (stating that "Rule
14(a)(3)'s *permission* to bring a claim does not overcome the other
deficiencies with Plaintiff's proposed amended complaint" seeking
to add claims against third-party defendant, and emphasizing that
"*any claim existing between plaintiff and the third-party
defendant is subject to the applicable statute of limitations*")
(emphasis in original) (quoting Wright & Miller, 6 Fed. Prac. &
Proc. Civ. § 1459 (3d ed. 2023)).

Federal jurisdiction in this case is based on diversity of
citizenship. "Under the <u>Erie</u> doctrine, federal courts sitting in
diversity apply state substantive law and federal procedural law."
<u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415, 427 (1996);
<u>see</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938). Generally, a
federal court sitting in diversity must apply the substantive law,
including choice-of-law rules and statutes of limitations, of the
state in which it sits. <u>See</u> <u>Rosa & Raymond Parks Inst. for Self
Dev. v. Target Corp.</u>, 812 F.3d 824, 829 (11th Cir. 2016) ("[U]nder
<u>Erie</u>, a federal court sitting in diversity applies the substantive
law of the state in which it sits except in cases governed by
federal law or the United States Constitution."); <u>Wilson v. Hearos,
LLC</u>, 128 F.4th 1254, 1264 (11th Cir. 2025) ("State statutes of
limitations are substantive law, and under the <u>Erie</u> doctrine, a
federal court sitting in diversity must apply the controlling

21

substantive law of the state."); McMahan v. Toto, 256 F.3d 1120, 1131 (11th Cir. 2001) (noting that "the substantive law of the forum state . . . includes its choice-of-law rules"), amended on reh'g, 311 F.3d 1077 (11th Cir. 2002).  However, when a case is transferred to a more convenient forum under 28 U.S.C. § 1404(a), the transferee court must apply the same state law that would have applied had there been no change of venue.  Van Dusen v. Barrack, 376 U.S. 612, 639 (1964); Ferens v. John Deere Co., 494 U.S. 516, 519 (1990).

As noted previously, Beemac originally filed this action in Pennsylvania state court, and the case was removed to the United States District Court for the Western District of Pennsylvania. The Glass America Defendants filed a motion to transfer venue, requesting that this action be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).[8]  The motion to transfer venue was granted, and the case was transferred to the Southern District of Alabama.  The transferor court did not explicitly order this case transferred

---

[8] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

pursuant to § 1404(a) or § 1406(a).[9]  However, the transfer was requested pursuant to § 1404(a) "in the interests of justice and for the convenience of the witnesses and the parties," and the transferor court found "that jurisdiction and venue [were] proper in both the Western District of Pennsylvania and the Southern District of Alabama." (Doc. 59 at 1-2; Doc. 73 at 6).  In light of the foregoing, the undersigned finds that this action was transferred for the sake of convenience pursuant 28 U.S.C. § 1404(a).  Accordingly, in determining the limitations period applicable to Johnson's claims against Beemac, this Court must apply Pennsylvania's state law because it is the law that would have applied had there been no change of venue.

If a court determines that a matter is substantive for _Erie_ purposes, it must "examine the substantive law of the forum state, which includes its choice-of-law rules, to ascertain the applicable substantive law." _McMahan_, 256 F.3d at 1132.  Notably, "a finding that a matter is substantive or procedural for _Erie_ purposes does not compel the same characterization for choice-of-

---

[9] Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  When venue is transferred pursuant to § 1406(a), "the transferee court must apply the law of the state in which it sits." _Donnelly v. McConnell_, 2012 U.S. Dist. LEXIS 88048, at *8, 2012 WL 2402803, at *3 (M.D. Fla. June 26, 2012) (citing _Ellis v. Great Sw. Corp._, 646 F.2d 1099, 1110 (5th Cir. Unit A June 5, 1981)).

law purposes." Id. "Statutes of limitations are classified as *substantive* for Erie purposes, but . . . statutes of limitations are characterized as *procedural* for purposes of choice of law analysis in [Pennsylvania] and most other states." Phelps v. McClellan, 30 F.3d 658, 661 (6th Cir. 1994) (emphasis in original) (internal citations omitted); see Kornfeind v. New Werner Holding Co., 280 A.3d 918, 928 (Pa. 2022) ("Under Pennsylvania law, a statute of limitations is considered procedural . . . ."); Doe v. Archdiocese of Phila., 2021 U.S. Dist. LEXIS 38426, at *10, 2021 WL 796142, at *4 (E.D. Pa. Mar. 2, 2021) ("Pennsylvania's own conflict of laws rules also leads to the application of its statute of limitations. That is because Pennsylvania treats statutes of limitation as procedural, not substantive law."); In re Loranger Mfg. Corp., 2008 U.S. Dist. LEXIS 132685, at *22, 2008 WL 11509877, at *9 (W.D. Pa. Sept. 29, 2008) ("Pennsylvania treats the determination of the appropriate statute of limitations as a procedural, rather than a substantive, issue which is controlled by Pennsylvania law.").[10] Because Pennsylvania considers statutes

---

[10] In Pennsylvania, "[a] dispute concerning the applicable substantive law . . . leads to a choice of law analysis based on the policies and interests of the jurisdictions involved." Kornfeind, 280 A.3d at 928. But, as Johnson fails to recognize, "Pennsylvania, and the federal courts within it, have declined to adopt an interest-based analysis to questions of procedural law." Doe, 2021 U.S. Dist. LEXIS 38426, at *10-11, 2021 WL 796142, at *4-5 (collecting federal district court cases that "apply Pennsylvania's statute of limitations when sitting in diversity,

of limitations to be procedural, Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations. See Doe, 2021 U.S. Dist. LEXIS 38426, at *9-10, 2021 WL 796142, at *4 ("Pennsylvania's own conflict of laws rules also leads to the application of its statute of limitations. That is because Pennsylvania treats statutes of limitation as procedural, not substantive law."); Lehrer v. Blue Mountain Ski Area & Resort, 2024 WL 1928459, at *7 n.7 (D.N.J. Apr. 30, 2024) ("A Pennsylvania court will apply the Pennsylvania statute of limitations to this case, since Pennsylvania treats its statute of limitations as procedural, rather than substantive, law, meaning courts sitting in diversity jurisdiction in the state will normally apply the forum's statute of limitations.").

"However, Pennsylvania has a borrowing statute which creates an exception to the general rule when the cause of action accrues in another state." Mangone v. Keene Corp., 1985 U.S. Dist. LEXIS 12251, at *4, 1985 WL 5031, at *1 (E.D. Pa. Dec. 30, 1985).

---

rather than first undertaking an interest analysis"). Instead, "[a]s a general rule, Pennsylvania applies its own procedural law when it is the forum state." Kornfeind, 280 A.3d at 928; see Doe, 2021 U.S. Dist. LEXIS 38426, at *10 n.5, 2021 WL 796142, at *4 n.5 ("Pennsylvania applies a flexible hybrid methodology for choice-of-law issues that combines the 'most significant relationship' test and an 'interest-analysis' approach to determine the application of *substantive* law. The Commonwealth does not endorse this approach to determine procedural law, including the relevant statute of limitations.") (emphasis in original) (citations omitted).

"Pennsylvania's borrowing statute provides that '[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.'" <u>Agere Sys., Inc. v. Advanced Env't Tech. Corp.</u>, 552 F. Supp. 2d 515, 523 (E.D. Pa. 2008) (quoting 42 Pa. Cons. Stat. § 5521(b)).  The borrowing statute "has been interpreted to apply when two conditions are met: (1) the claim accrues in another state, and (2) the law of that state bars the claim before the Pennsylvania statute of limitations." <u>Doe</u>, 2021 U.S. Dist. LEXIS 38426, at *11-12, 2021 WL 796142, at *5; <u>see</u> <u>Ross v. Johns-Manville Corp.</u>, 766 F.2d 823, 828 (3d Cir. 1985).

"Under Pennsylvania law, a claim accrues when and where the injury is sustained." <u>Gwaltney v. Stone</u>, 564 A.2d 498, 503 (Pa. Super. Ct. 1989).  Here, the subject motor vehicle accident occurred, and Johnson's injuries were sustained, in Alabama. Therefore, Johnson's claims accrued in Alabama.  <u>See, e.g.</u>, <u>Farley v. Cernak</u>, 2016 U.S. Dist. LEXIS 4638, at *8, 2016 WL 162238, at *3 (E.D. Pa. Jan. 13, 2016) (finding that Pennsylvania's borrowing statute applied because plaintiffs' personal injury claims arising from a car accident that occurred in Massachusetts accrued in Massachusetts but were filed in Pennsylvania); <u>Gwaltney</u>, 564 A.2d

at 503 ("The accident occurred in Tennessee; hence, the cause of action *accrued* in Tennessee.") (emphasis in original).

The next question is whether the limitations period for Johnson's claims would be shorter under Alabama or Pennsylvania law. "In answering this question, the Court takes into account both states' limitations periods, including each state's laws on accrual and tolling." Jacobs v. Halper, 116 F. Supp. 3d 469, 479 (E.D. Pa. 2015). "Pennsylvania's limitations period applies to the claim unless the foreign jurisdiction's laws, including laws on tolling and the date of accrual, bar the claim first." Frankentek Residential Sys., LLC v. Buerger, 15 F. Supp. 3d 574, 581 (E.D. Pa. 2014); see Johnson v. SmithKline Beecham Corp., 55 F. Supp. 3d 603, 611 (E.D. Pa. 2014) (applying Pennsylvania statute of limitations when claim accrued in West Virginia but was filed in Pennsylvania and both states provided "a two-year limitations period for personal injury actions and analogous accrual and tolling rules"). Thus, "the limitations period for a foreign cause of action brought in Pennsylvania courts should never be construed to be *longer* than would be the case if the same events had occurred in Pennsylvania to a Pennsylvania plaintiff." Ross, 766 F.2d at 827 (emphasis added).

As noted, Johnson asserts causes of action against Beemac for "negligence, carelessness, recklessness, and negligence per se" and "vicarious liability." In Pennsylvania, an "action to recover

damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" must be commenced within two years. 42 Pa. Cons. Stat. § 5524(2); see also Pa. Cons. Stat. § 5524(7). Under Pennsylvania law, "limitations periods are computed from the time that the cause of action accrued." Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005) (citing 42 Pa. Cons. Stat. § 5502(a)). "In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." Id. "Generally speaking, in a suit to recover damages for personal injuries, this right arises when the injury is inflicted." Id. Thus, in car accident cases, "the general rule" in Pennsylvania "is that the statute of limitations begins to run for an injured plaintiff on the day of the accident." Varner-Mort v. Kapfhammer, 109 A.3d 244, 248 (Pa. Super. Ct. 2015).

Alabama law likewise "provides a two-year statute of limitations for claims of negligence, wantonness, and vicarious liability." Scherer v. Credit Bureau Sys., Inc., 2018 U.S. Dist. LEXIS 81454, at *5, 2018 WL 2221180, at *2 (N.D. Ala. May 15, 2018) (citing Ala. Code § 6-2-38(l), (n)). "The limitations period begins at the time the action 'accrues.'" Id. (citing Booker v. United Am. Ins. Co., 700 So. 2d 1333, 1339 (Ala. 1997)). Negligence and wantonness claims "accrue when 'the injury allegedly occurred' and are not subject to any statutory tolling

provisions." Lexington Ins. Co. v. Contractor Serv. & Fabrication, Inc., 2009 U.S. Dist. LEXIS 144455, at *5, 2009 WL 10687790, at *1 (N.D. Ala. Aug. 21, 2009) (citing Henson v. Celtic Life Ins. Co., 621 So. 2d 1268, 1274 (Ala. 1993)).

Accordingly, under either Pennsylvania or Alabama law, Johnson's claims against Beemac are subject to a two-year limitations period that commenced on February 2, 2022, the date on which Johnson was allegedly injured in the subject motor vehicle accident. Thus, Johnson's claims against Beemac expired nearly a year before Johnson initially filed them on January 23, 2025, unless the limitations period is tolled.

Johnson does not raise a tolling argument,[11] or one based on any discovery rule,[12] to suggest that his claims against Beemac

---

[11] To the extent Johnson can be understood to argue that his claims against Beemac should be treated as compulsory counterclaims that are not subject to a statute-of-limitations defense, the Court notes that "the general rule in Pennsylvania" is "that a cause of action which would be barred as an original action, because of the statute of limitations, may not be asserted as a counterclaim after the expiration of the statutory period." Gumienik v. Lund, 314 F. Supp. 749, 751 (W.D. Pa. 1970); see also Anchor Motor Freight, Inc. v. Ranger Nationwide, Inc., 694 F. Supp. 1198, 1198 (W.D. Pa. 1988) ("[A] counterclaim provoked by the plaintiff's alleged negligence must be raised within the time allotted for an action under the appropriate statute of limitations."); Frankentek, 15 F. Supp. 3d 581 n.13 (noting that "under Pennsylvania law, the filing of a complaint does not toll the statute of limitations applicable to compulsory or permissive counterclaims") (citing Harmer v. Hulsey, 467 A.2d 867, 868-69 (Pa. Super. Ct. 1983)).

[12] "Pennsylvania's so-called discovery rule . . . serves to toll equitably the running of the statute of limitations." Wosotowsky

would not be time-barred under Pennsylvania law. Instead, Johnson appears to rely solely on Alabama tolling principles, alleging that his claims against Beemac "constitute compulsory claims pursuant to Alabama Rules of Civil Procedure 13(a) and 14 and as such they are not subject to any statute of limitations defenses." (Doc. 106 at 9; see also Doc. 112 at 6-9).[13] Johnson's arguments are difficult to decipher, but he appears to suggest that his claims against Beemac should be treated as compulsory counterclaims, which are not subject to a statute of limitations

---

v. Metlife Ins. Co., 2013 U.S. Dist. LEXIS 56234, at *3, 2013 WL 1703874, at *1 (W.D. Pa. Apr. 19, 2013). "When the discovery rule applies, the statute of limitations does not commence to run at the instant that the right to institute suit arises, i.e., when the injury occurs." Fine, 870 A.2d at 859. "Rather, the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." Id. "Alabama has no 'discovery rule' with respect to negligence or wantonness actions that would toll the running of the limitations period." Boyce v. Cassese, 941 So. 2d 932, 946 n.2 (Ala. 2006). The undersigned notes that Johnson has at no point asserted that the discovery rule applies to his claims. However, even if this Court gives Johnson the benefit of the doubt and assumes that Pennsylvania's discovery rule might have equitably tolled the limitations period during the "several weeks" in which Johnson "was rendered comatose" as a result of the subject accident, (see Doc. 106 at 12), Johnson's claims against Beemac are still untimely, since they were initially filed almost three years after the accident.

[13] The Court notes that it is federal law, not state law, that governs the classification of Johnson's claims in this action. See Regions Bank, 2016 U.S. Dist. LEXIS 108041, at *9 n.4, 2016 WL 4366871, at *3 n.4 (noting that "federal law governs the assertion of the claims as a procedural matter; i.e., federal law determines whether the claim was actually a compulsory counterclaim in this action") (emphasis in original).

defense under Alabama law.  See Regions Bank v. Old Republic Union Ins. Co., 2016 U.S. Dist. LEXIS 108041, at *8, 2016 WL 4366871, at *3 (N.D. Ala. Aug. 16, 2016) ("The rule in Alabama is that 'all compulsory counterclaims, whether offensive or defensive, are not subject to the statute-of-limitations defense.'") (quoting Exxon Corp. v. Dep't of Conservation and Nat. Res., 859 So.2d 1096, 1102 (Ala. 2002)).  Johnson's arguments are unavailing.

First, Johnson fails to recognize that under Pennsylvania's borrowing statute, Pennsylvania's two-year limitations period applies to his claims "unless [Alabama's] laws, including laws on tolling and the date of accrual, *bar the claim first*."  Frankentek, 15 F. Supp. 3d at 581 (emphasis added).  Thus, any Alabama tolling principle that would operate to render Johnson's claims timely "would only extend the [Alabama] limitations period beyond the Pennsylvania limitations period, making [Alabama] law inapplicable" under Pennsylvania's borrowing statute.  Id. at 581 n.13; see Paradigm SRP, LLC v. McLean, 2024 U.S. Dist. LEXIS 168915, at *16-19, 2024 WL 4244851, at *6-7 (M.D. Pa. Sept. 19, 2024) (where Texas' limitations period for a claim was shorter than Pennsylvania's, but application of a Texas statutory tolling provision would mean that Pennsylvania law first barred the claim, the court concluded that "the Pennsylvania statute would not borrow Texas law"), aff'd, 2025 U.S. App. LEXIS 24124, 2025 WL 2659262 (3d Cir. Sept. 17, 2025).

Second, even if Alabama law applied, that would not help Johnson. Contrary to Johnson's suggestion, his claims against Beemac would not be considered compulsory counterclaims (much less "compulsory crossclaims") under the Alabama Rules of Civil Procedure. See Ex parte Dow AgroSciences LLC, 299 So. 3d 952, 958 (Ala. 2020) (noting that the Alabama Supreme Court has "concluded that 'the term "opposing party" as used in Rule 13(a) should be read strictly to mean a named party who has asserted a claim against the prospective counterclaimant in the first instance'") (quoting Little Narrows, LLC v. Scott, 1 So. 3d 973, 977 (Ala. 2008)); Regions Bank, 2016 U.S. Dist. LEXIS 108041, at *9, 2016 WL 4366871, at *3 (pointing out that "there is no such thing as a compulsory cross-claim—not under Alabama law, and not under federal law"). Rather, Johnson's claims against Beemac would be considered permissive claims under Alabama law. See Ala. R. Civ. P. 14(a) ("The . . . third-party defendant . . . shall make any defenses to the third-party plaintiff's claim as provided in Rule 12 and any counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant **may** also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim

<u>against the third-party plaintiff.</u>") (emphasis added).  Johnson has cited no Alabama authority suggesting that a permissive claim asserted by a third-party defendant against a plaintiff who has not first asserted a claim against the third-party defendant is not subject to a statute of limitations defense.  Thus, Johnson's claims against Beemac would also be barred by Alabama's two-year statute of limitations.

Johnson further argues that his "claims against Beemac are permissible" under "the Relation Back of Amendments provision set forth in Federal Rule of Civil Procedure 15(c)."  (Doc. 112 at 8). In relevant part, Rule 15(c) states that:

> [a]n amendment to a pleading relates back to the date of
> the original pleading when: (A) the law that provides
> the applicable statute of limitations allows relation
> back; (B) the amendment asserts a claim or defense that
> arose out of the conduct, transaction, or occurrence set
> out-or attempted to be set out-in the original
> pleading . . . .

Fed. R Civ. P. 15(c)(1).  However, nothing in the language of Rule 15 supports a conclusion that an independent, affirmative cause of action raised by a third-party defendant against the plaintiff can relate back to a claim raised by the plaintiff against the original defendant in an earlier pleading in the same action.  Rule 15(a) speaks repeatedly of "a party" amending "its pleading."  Fed. R. Civ. P. 15(a).  Rule 15(c) refers to "[a]n amendment to a pleading" that "relates back to the date of the original pleading."  Fed. R. Civ. P. 15(c) (emphasis added).  "Thus, in determining relation

back pursuant to Rule 15(c), the only relevant pleadings are the party's original pleading and that same party's amended pleading." Bond v. Rimmer, 2007 WL 2009810, at *20 (E.D. Cal. July 6, 2007); see Korean Air Lines Co. v. Port Auth. of New York & New Jersey, 2012 U.S. Dist. LEXIS 185532, at *16 n.3, 2012 WL 6967232, at *5 n.3 (E.D.N.Y. Aug. 1, 2012) ("[T]he new pleading dates back only to the date of the pleading it supersedes, *not the earlier date of any other party's pleading*.") (emphasis added), report and recommendation adopted, 2013 U.S. Dist. LEXIS 13787, 2013 WL 394704 (E.D.N.Y. Jan. 31, 2013); Giambrone v. Meritplan Ins. Co., 2017 U.S. Dist. LEXIS 29128, at *9, 2017 WL 2303980, at *4 (E.D.N.Y. Feb. 28, 2017) ("By its own terms, when Rule 15 mentions 'the original pleading,' it is referring to a party's own pleading."), report and recommendation adopted, 2017 U.S. Dist. LEXIS 80062, 2017 WL 2303507 (E.D.N.Y. May 24, 2017); Hildenbrand v. W Holding Co., Inc., 2010 U.S. Dist. LEXIS 159175, at *23, 2010 WL 11545535, at *5 (D.P.R. Aug. 3, 2010) ("Biaggi's Amended Crossclaim and Third Party Complaint are amendments to his own original answer; therefore, the Amended Crossclaim and Third Party Complaint can only relate back to his original answer. In so far as these claims were pled in the original, unamended answer, they were original pleadings, not amended pleadings. Therefore, they cannot relate back any further than the date Biaggi first pled them."); Frankel, 37 F.R.D. at 548-49 ("Rule 15 applies to those instances where the

34

party seeking amendment has theretofore asserted a claim against
another party to the action and is merely amending that pleading
to assert a further claim against the same party, enlarge his
original claim or to have the pleadings conform to the proofs
adduced at the trial of the cause.  In the instant case, plaintiff
never filed a claim against the third party defendant so that the
requested amendment would amount to an original claim against the
third party defendant after the statute of limitations has run and
not the amendment of a pleading already filed setting forth a claim
against the third party defendant."); Zenith Petroleum Corp. v.
Steerman, 2014 U.S. Dist. LEXIS 205322, at *9-10, 2014 WL 12837832,
at *3 (D. Kan. Oct. 7, 2014) ("Although Plaintiff mentions Vernon
L. Smith & Associates in its Complaint . . . , Plaintiff did not
to bring claims against that company, instead focusing its claims
on Defendant Earlene Steerman.  The fact that Defendant
subsequently chose to bring third party claims against Vernon L.
Smith & Associates, Inc. does not provide a basis for Plaintiff to
relate these claims back to the filing of its Complaint.  The fact
that the claims are being brought against a third party Defendant
already in the case is irrelevant to the issue of relation back
because Plaintiff has no claims against that third party Defendant
to which the relation back can attach.").  Accordingly, Rule 15(c)
does not permit Johnson's claims against Beemac to relate back any

further than the date of Johnson's initial pleading filed on January 23, 2025.

To the extent Johnson implies that applicable state law allows his claims to relate back to Beemac's complaint or the Glass America Defendants' third-party complaint, he offers nothing to suggest that Pennsylvania law provides a basis for relation back under the circumstances of this case, nor does it appear that any such basis exists.  The undersigned notes that federal district courts applying Pennsylvania statute of limitations law have held that "[t]he filing of a third-party complaint by the original Defendant does not toll the running of the statute on a cause of action between the Plaintiff and a third-party Defendant." Straub v. Desa Indus., Inc., 88 F.R.D. 6, 9 (M.D. Pa. 1980); Frankel, 37 F.R.D. at 547 (same); see also Great Ne. Lumber & Millwork Corp. v. Pepsi-Cola Metro. Bottling Co., 785 F. Supp. 514, 516 (E.D. Pa. 1992) (finding no relation back of Rule 14(a) claims filed after the expiration of the applicable limitations periods under Pennsylvania law).

For the reasons set forth above, it is facially apparent from Johnson's pleading that his Rule 14(a)(2)(D) claims against Beemac were untimely under Pennsylvania's two-year statute of limitations when initially filed on January 23, 2025.  The limitations period was not tolled by the filing of Beemac's complaint against the Glass America Defendants, nor was it tolled by the filing of a

36

third-party complaint against Johnson. Accordingly, the undersigned submits that Johnson's claims against Beemac are time-barred and are due to be dismissed.

### IV. <u>CONCLUSION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Beemac's motion to dismiss Johnson's purported crossclaims (Doc. 109) be **GRANTED**.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **November, 2025.**

　　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**